IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| MARY GAUNA | ) |
|        Plaintiff, | ) |
| vs. | ) Case No. 4:22-cv-01390 |
| FRISELLA NURSERY, INC. | ) |
| and | ) |
| ANTHONY FRISELLA JR | ) |
| and | ) |
| ANTHONY FRISELLA SR | ) |
| and | ) |
| JUSTIN VERBRYCK | ) |
|        Defendants. | ) |

## SECOND AMENDED COMPLAINT

COMES NOW Plaintiff Mary Gauna, by and through his undersigned attorney, and for her Second Amended Complaint states as follows:

### STATEMENT OF FACTS

1. Plaintiff Mary Gauna ("Gauna") is, and was at all times relevant herein, a resident of St. Louis County, State of Missouri, and is a light-skinned Latin-American female who was adopted by a Caucasian family. Plaintiff went by Mary Keane until she legally changed her name on December 2, 2022. *See* In re Mary Keane, 2222-FC01353.

2. Defendant Frisella Nursery, Inc. ("Frisella Nursery" or "Frisella Nursery Inc.") is, and was at all times relevant herein, a Missouri corporation licensed to do business in Missouri.

3. Defendants Anthony Frisella Jr ("Frisella Jr"), Anthony Frisella Sr ("Frisella Sr"), and Justin Verbryck ("Verbryck") are all residents of St. Louis and employees of Frisella Nursery, Inc. at the time of the events set forth in Plaintiff's Petition.

4. Venue is appropriate in St. Louis County because Plaintiff was an employee of Defendant's business located in St. Louis County and all of the tortious conduct giving rise to Plaintiff's claim for relief occurred in St. Louis County.

### A. Plaintiff Gauna's Employment at Frisella Nursery's Landscape Design Office

5. On September 3, 2021, Mary Gauna was presented an offer of employment at Frisella Landscape Group, a subsection of Frisella Nursery, and her position was in the landscape design office as a landscape draftsman. Tony Frisella Jr. emphasized to Gauna that his intention of "fast tracking her to be his personal design assistant."

6. For her employment as a landscape draftsman, Gauna

7. Between the time of the job offer and Gauna's first day of work, the following statements were made within the presence of other employees:

> *Tony Frisella Jr:*    "I hired an **Indian woman**. It's gonna be good to have a **brown** person on the design team."
>
> *Tony Frisella Sr:*    "Why would you hire a person like that? They always fuck you over!"

8. This exchange about Gauna's race was reported to HR by designer Preston Jordan before Gauna started her first day in the office.

9. Gauna found out about these remarks regarding her race from several other design office employees during her first week of work. During this discussion Gauna would asked questions like:

    a. "So what IS your ethnicity?"

    b. "What are you exactly?"

10. When Gauna asked why they wanted to know, the employees informed her about the Frisellas' remarks and that Preston Jordan had already reported these comments to HR.

11. Gauna was not only the sole person of color in the design office, but she was the only female employee in the landscape design office during the remainder of her employment with Frisella Nursery.

    a. One employee named Stacy Engelhard quit working for Frisella after she was screamed and cursed at by Tony Frisella Jr. in the design office, in front of other employees, during Gauna's second week of work on or around the week of September 27, 2021.

    b. Another employee named Gayle Wright Croghan left the company, and she used to be the only female employee there. She asked for 100k salary, but Tony Frisella Jr. told Gayle, "He would never pay a woman that amount of money."

12. Gauna was then shuffled around from one role to another for a while, until she eventually got to be Justin Verbryck's design assistant.

13. Plaintiff began teaching herself the programs such as Vectorworks, Salesforce, and Aspire.

14. Plaintiff rarely got to work alongside Verbryck, and any work she would receive from him would be sent via email.

15. Verbryck reprimanded her at one point for not showing up on time when she shows up at the same time as every other employee. Not only did Gauna get intense criticism for her work

3

detail, but she never received any constructive feedback on how to improve. No written warnings were given to her either.

      16.     While Plaintiff Gauna's job was landscape draftsman, the actual responsibilities she was assigned did not match her job description and would deprive Gauna of time to learn the design programs and improve her drafting skills:

    a. her job responsibilities would become more secretarial in nature;

    b. She was sent to work on various other programs that were not within her job description such as assisting Chari with pricing and procurement between November 11 and November 19 of 2021;

    c. The company never used to take phone calls at the design office, but Gauna ended up doing so after the HR report about Frisella Jr was made;

    d. While Plaintiff Gauna was later given the job title of Landscape Designer, she was still being paid as a Landscape Draftsman. Plaintiff perceived this as being due to the idea that women should not be paid as equally or similarly as men, especially in the landscape design business.



17. Frisella Jr's would work 4-8 feet behind Gauna's desk. Frisella Jr. made inappropriate comments, describing how he would "f*** his wife with the neighbors watching."

18. Gauna also felt uncomfortable toward Frisella Jr's interactions with other employees. Frisella Jr would scream at many of his employees, including Bishop, his design assistant.

19. On one occasion at the office, Bishop walked off to the lobby area, curled in the fetal position on the couch, and began crying. When Bishop got up from the couch he asked Gauna, "Did you see me cry?" This tension of feeling overworked by Frisella Jr led Bishop to develop some resentment toward Gauna and he would express that when they were in the office alone together.

20. On several occasions Bishop threw and kicked office items and raised his voice while alone in the office with Gauna. Gauna reported this to senior designer Preston Jordan and they had a discussion about Gauna reporting these incidents to Liz Crase in HR.

21. Gauna did not report these incidents to HR because on several occasions Gauna witnessed questionable behavior from HR such as joking with Frisella Jr that he was a "self-aware asshole" and drawing breasts onto nametags at the company Christmas party. Thus, Gauna felt a distrust with the HR staff and feared making any complaints herself ever since Jordan first complained to HR about the conversation between Frisella Jr and Frisella Sr.

22. Overtime, Gauna would also witness several of her coworkers make insincere and racial comments and remarks about Latino-Americans.

    a. Frisella Jr, Verbryck, Jordan and several other employees would also speak in fake Mexican American accents and make Mexican stereotypes within Gauna's presence including referring to her as a "hashtag legal".

    b. On or around the date of November 15, 2021, Gauna arrived to work in the morning and overheard Verbryck listening to a podcast in which derogatory remarks were made about Hispanic people and the podcast kept repeating the word "Hispanic" which made Gauna feel uncomfortable and targeted. Verbryck turned down the volume on the podcast after Gauna's arrival and

6

eventually turned it off. Gauna mentioned this discomfort to coworkers and to designer Jordan.

23. In addition to a lot of venting and gossiping amongst one another, many employees would shout out sexually suggestive remarks.

24. Gauna would hear many employees shout remarks, such as "Suck my cock", in frustration or in response to something another person said to them.

25. On or around October 2021, Gauna was discussing projects with Verbryck to provide him an update as to her work progress. One of the designs she was telling Justin Verbryck that she was about to complete was for the "Mike Hawk" residence. The drafting program had an account listed for someone by that name (pronounced aloud sounds like "My Cock"). Verbryck and the other employees were joking around and chuckling about Ms. Gauna's project, because she didn't initially understand why people were finding it funny and asked the office "Is he a famous football player or something?" They told her to repeat the name aloud several times until Justin and Corey eventually had to explain it to her. She didn't understand why Verbryck would just let their employees act in this way within the workplace and said to Verbryck, "Justin you are supposed to be managing us, please manage us." He was still laughing over the "My Cock (Mike Hawk)" pronunciation.

26. After a couple of days, Gauna received a phone call from Verbryck, stating that Frisella Nursery would be terminating her employment. The only reasons given for her termination were that she wasn't "creative enough" and that she was not a "good fit" for the company.

27. Gauna's last day of employment at Frisella Nursery was on December 30, 2021.

28. Plaintiff filed her claim of discrimination with the Missouri Commission on Human Rights and the Equal Employment Opportunity Commission on January 30, 2021. *See* Exhibit A,

7

Complaint to Missouri Commission on Human Rights (MHRC) and Equal Employment Opportunity Commission (EEOC).

29.     On August 22, 2022, Plaintiff obtained her Right to Sue from the MCHR. *See* Exhibit B, MCHR Right to Sue Letter.

30.     On August 23, 2022, Plaintiff obtained her Right to Sue from the EEOC. *See* Exhibit C, EEOC Right to Sue Letter.

### B. Following Plaintiff Gauna's Employment at Frisella Nursery

31.     Gauna was subsequently able to obtain employment at Lawn Masters, LLC, another landscape design group within the Greater St. Louis Region. She felt honored and relieved for begin given the opportunity to work in horticulture and landscape design again, something she is incredibly passionate about and hopes to improve in.

32.     Plaintiff Gauna never told anyone at Lawn Masters, LLC that she filed a charge of discrimination against Frisella Nursery or anything else regarding her legal dispute against Frisella Nursery.

33.     Immediately upon the scheduling of Ms. Gauna's mediation against Frisella Landscape Group, Ms. Mallory Hammock, Landscape Designer and Project Manager of Lawn Masters and Ms. Gauna's supervisor, had indicated to Gauna during one lunch hour that:

    a. her brother is best friends with Tony Frisella Jr;

    b. she once filed suit against her previous employer, Poynter Landscape Architecture and Construction;

    c. she believed that Ms. Gauna was not creative enough in her role as a project manager; and

8

    d.   she believed that Ms. Gauna was being overpaid for her duties and responsibilities.

34. That very next day, Ms. Gauna asked Hammock to take off work on July 18, 2022 (the date of Ms. Gauna's scheduled mediation), to which Ms. Hammock showed some intense hesitation. When Gauna told her that it was supposed to be for a doctor's appointment, in order to avoid confrontation or suspicion from her supervisor, Hammock then interrogated Plaintiff regarding details, such as her doctor and what her appointment was for. These details are considered confidential medical information under the Health Information Portability and Accountability Act (HIPAA).

35. Ms. Gauna was terminated earlier that following morning for reasons given, which were nearly identical to those given at Frisella.

36. Despite Co-Owner and COO Jeff Abell's acknowledging to Gauna of Ms. Hammack's aggressive and concerning behavior within the workplace and his assurance in retaining Ms. Gauna, Abell was unwaiving in the decision to terminate her employment.

**COUNT I: RACIAL AND SEX DISCRIMINATION IN VIOLATION OF THE MISSOURI HUMAN RIGHTS ACT MO. REV. STAT. § 213.010 AGAINST DEFENDANT FRISELLA NURSERY**

COMES NOW Plaintiff Gauna, and for his claim of unlawful race and sex discrimination under the Missouri Human Rights Act against Defendant Frisella Nursery, states as follows:

37. Plaintiff adopts and reincorporates all previous paragraphs here again.

38. Plaintiff Gauna is a Latin-American female and was, during all relevant times aforementioned in this petition, a minority female.

39. Gauna was not only the sole person of color in the design office, but she was the only female employee in the landscape design office during the remainder of her employment with Frisella Nursery.

40. Plaintiff Gauna asserts that she was discriminated against by Frisella Nursery due to the following:

    a. Frisella Nursery hired Plaintiff merely for her race and skin color;

    b. Moments after hiring Plaintiff, Anthony Frisella Jr and Anthony Frisella Sr made derogatory comments about Plaintiff amongst several employees about hiring an "Indian" and a "brown person."

    c. Plaintiff reasonably believed she was retaliated and wrongfully terminated in response to the HR complaint by Preston Jordan;

    d. Frisella Nursery allowed racist remarks and comments to be made within the workplace, such as referring to Plaintiff as a "legal", which is to signify one's status as an immigrant;

    e. Frisella Nursery allowed sexual and inappropriate comments and remarks to be made within the workplace;

    f. Frisella Nursery failed to facilitate a workplace that allowed equal employment opportunities and equal pay for women, particularly minority women.

    g. While Plaintiff Gauna was later given the job title of Landscape Designer, she was still being paid as a Landscape Draftsman. Plaintiff perceived this as being due to the idea that women should not be paid as equally or similarly as men, especially in the landscape design business.

41. Plaintiff's wrongful termination and discrimination is an adverse employment action that led her to be treated differently from that of similarly situated employees who were not members of Plaintiff's protected class of persons.

42. Plaintiff Gauna suffered damages as a result of this discriminatory conduct, as well as wage loss, severe emotional distress, and a short period of unemployment.

43. Plaintiff also is entitled to recover costs, fees, attorneys fees, and other damages as allowed by the MHRA.

WHEREFORE Plaintiff Gauna requests humbly that the Court enter judgement in her favor in excess of $25,000.00, and set the case for trial by jury to assess compensatory damages arising from the discriminatory conduct of Defendant Frisella Nursery, for attorney's fees, and for any other relief as may be just and proper under the circumstances.

### COUNT II: RACIAL AND SEX DISCRIMINATION IN VIOLATION OF TITLE VII AGAINST DEFENDANT FRISELLA NURSERY

COMES NOW Plaintiff Mary Gauna, and for her claim of employment discrimination in violation of Title VII states as follows:

44. Plaintiff adopts and reincorporates all above paragraphs of this Petition here again.

45. Plaintiff Gauna is a Latin-American female and was, during all relevant times aforementioned in this petition, a minority female.

46. Gauna was not only the sole person of color in the design office, but she was the only female employee in the landscape design office during the remainder of her employment with Frisella Nursery.

47. Plaintiff Gauna asserts that she was discriminated against by Frisella Nursery due to the following:

    a. Frisella Nursery hired Plaintiff merely for her race and skin color;

11

    b. Moments after hiring Plaintiff, Anthony Frisella Jr and Anthony Frisella Sr made derogatory comments about Plaintiff amongst several employees about hiring an "Indian" and a "brown person."

    c. Plaintiff reasonably believed she was retaliated and wrongfully terminated in response to the HR complaint by Preston Jordan;

    d. Frisella Nursery allowed racist remarks and comments to be made within the workplace, such as referring to Plaintiff as a "legal", which is to signify one's status as an immigrant;

    e. Frisella Nursery allowed sexual and inappropriate comments and remarks to be made within the workplace;

    f. Frisella Nursery failed to facilitate a workplace that allowed equal employment opportunities and equal pay for women, particularly minority women

    g. While Plaintiff Gauna was later given the job title of Landscape Designer, she was still being paid as a Landscape Draftsman. Plaintiff perceived this as being due to the idea that women should not be paid as equally or similarly as men, especially in the landscape design business.

48. Defendant's discrimination was a motivating factor in its decision to terminate Plaintiff's employment.

49. Plaintiff's wrongful termination and discrimination is an adverse employment action that led her to be treated differently from that of similarly situated employees who were not members of Plaintiff's protected class of persons.

50. Plaintiff Gauna suffered damages as a result of this discriminatory conduct, as well as wage loss, severe emotional distress, and a short period of unemployment.

WHEREFORE Plaintiff Gauna requests humbly that the Court enter judgement in her favor, and set the case for trial by jury to assess damages arising from the discriminatory conduct of Defendant Frisella Nursery, attorneys fees, punitive damages, and for any other relief as may be just and proper under the circumstances.

### COUNT III: RACE DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 1981 AGAINST DEFENDANTS FRISELLA NURSERY, ANTHONY FRISELLA JR, ANTHONY FRISELLA SR, AND JUSTIN VERBRYCK

COMES NOW Plaintiff Gauna, and for his claim of unlawful race discrimination under 42 U.S.C. § 1981 against Defendants Frisella Nursery, Defendant Anthony Frisella Jr, Anthony Frisella Sr, and Justin Verbryck states as follows:

51. Plaintiff Gauna is a Latin-American minority and was, during all relevant times aforementioned in this complaint. Plaintiff is a member of a protected class under this statute.

52. Plaintiff was in a contractual employer-employee relationship with Frisella Nursery.

53. Gauna was the only person of color in the design office throughout her employment with Frisella Nursery.

54. Plaintiff Gauna was discriminated against in that Defendant Frisella Nursery:

   a. Hired Plaintiff merely for her race and skin color.

   b. Had employees who publicly made derogatory comments about Plaintiff being an "Indian" and a "brown person", moments after she was hired.

   c. Retaliated and wrongfully terminated Plaintiff Gauna in response to the HR complaint by Preston Jordan;

13

      d. Allowed racist remarks and comments to be made within the workplace, such as referring to Plaintiff as a "legal", which is to signify one's status as an immigrant.

      e. Failed to prevent such discriminatory conduct from occurring within the workplace, and instead willfully and wantonly promoted such behavior.

55. Plaintiff's race is the but-for cause of her injury, ergo the adverse action to her employment at Defendant Frisella Nursery.

56. But for her race, Plaintiff would not have been subject to disparate treatment and discriminatory remarks within the workplace. Moreover, Plaintiff would not have been placed in the uncomfortable position of being shuffled from one assignment to another had a HR complaint been made about Defendant Frisella Jr.'s and Frisella Sr.'s comments in the presence of other employees.

57. Plaintiff's wrongful termination and discrimination is an adverse employment action that led her to be treated differently from that of similarly situated employees who were not members of Plaintiff's protected class of persons.

58. Plaintiff Gauna suffered damages as a result of this discriminatory conduct, as well as wage loss, severe emotional distress, and a short period of unemployment.

59. Defendants discriminated against Plaintiff Gauna with either malice or with reckless indifference to Plaintiff's federally protected rights.

60. Defendants Anthony Frisella Jr, Anthony Frisella Sr, and Justin Verbryck had personal involvement in the discriminatory conduct against Plaintiff Gauna, because they

      a. directly participated in the alleged violation,

      b. were grossly negligent in the supervision of subordinates who committed the wrongful acts and

      c. failure to take action upon receiving information that such acts were occurring.

WHEREFORE Plaintiff Gauna requests humbly that the Court enter judgement in her favor in excess of $25,000.00, and set the case for trial by jury to assess compensatory damages arising from the discriminatory conduct of Defendant Frisella Nursery, for attorney's fees, and for any other relief as may be just and proper under the circumstances.

### COUNT IV: TORTIOUS INTERFERENCE AGAINST DEFENDANTS FRISELLA NURSERY, INC. AND ANTHONY FRISELLA JR

COMES NOW Plaintiff Mary Gauna, and for her claim of tortious interference states as follows:

61. All preceding paragraphs are hereby incorporated by reference as if fully set forth herein.

62. Plaintiff Gauna's employment with Lawn Masters, LLC is valid business expectancy.

63. Here, Plaintiff Gauna never told anyone at Lawn Masters, LLC that she filed a charge of discrimination against Frisella Nursery or anything else regarding her legal dispute against Frisella Nursery.

64. Plaintiff asserts that the following took place immediately after the scheduling of Ms. Gauna's mediation against Frisella Landscape Group:

      a. Ms. Mallory Hammock, Landscape Designer and Project Manager of Lawn Masters and Ms. Gauna's supervisor, had indicated to Gauna during one lunch hour that: her brother is best friends with Tony Frisella Jr, and that

15

    she had once filed suit against her previous employer, Poynter Landscape Architecture and Construction;

b. Hammock also told Plaintiff Gauna believed that Plaintiff was not creative enough in her role as a project manager and that she was being overpaid for her duties and responsibilities;

c. Hammock scrutinized Plaintiff for requesting to take off work on July 18, 2022 (the date of Ms. Gauna's scheduled mediation). When Gauna told her that it was supposed to be for a doctor's appointment, in order to avoid confrontation or suspicion from her supervisor, Hammock then interrogated Plaintiff regarding details, such as her doctor and what her appointment was for. These details are considered confidential medical information under the Health Information Portability and Accountability Act (HIPAA);

d. Ms. Gauna was terminated earlier that following morning for reasons given, which were nearly identical to those given at Defendant Frisella Nursery, such as not being "creative enough", despite the fact that such attributes while having some relevance to Plaintiff's role at Frisella Nursery, were not called for with Plaintiff's position at Lawn Masters.

e. The aforementioned facts would lead a reasonable person to believe that Frisella Nursery had knowledge of Plaintiff's relationship with Lawn Masters and intentionally interfered with Plaintiff's employment relationship in response to Plaintiff asserting her legal rights to resolve her legal dispute through alternative dispute resolution in good faith.

65. Upon reasonable information and belief, Plaintiff Gauna suspects that Anthony Frisella Jr. contacted her supervisor, Mallory Hammock, on or around the week of July 18, 2022, about Plaintiff's ongoing discrimination, retaliation, and hostile work environment legal dispute against Frisella Nursery and its agents and employees.

66. Upon reasonable information and belief, Plaintiff Gauna suspects that Anthony Frisella Jr. has made efforts to locate where Plaintiff works.

67. As a result, Plaintiff not only lost her employment opportunity with Lawn Masters, but she had to find a reasonable substitute position. Although she ultimately found one in, her salary is not comparable to the one she would have received at Lawn Masters.

68. Plaintiff Gauna suffered damages as a result of this discriminatory conduct, as well as wage loss, severe emotional distress, and a short period of unemployment.

WHEREFORE Plaintiff Gauna requests humbly that the Court enter judgement in her favor, and set the case for trial by jury to assess damages arising from the tortious conduct of Defendant Frisella Nursery, attorneys fees, and for any other relief as may be just and proper under the circumstances.

Respectfully submitted,

**OTT LAW FIRM**

_____
Joseph A. Ott, #67889

_____
Mark E. Blankenship Jr., #73123

3544 Oxford Blvd
Maplewood, MO 63143
Telephone: (314) 293-3756

Facsimile:   (314) 689-0080
joe@ott.law
mark@ott.law
*Attorneys for Plaintiff*