UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARY GAUNA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:22 CV 1390 JMB |
| | ) |
| FRISELLA NURSERY, INC., ANTHONY FRISELLA, JR., ANTHONY FRISELLA, SR., and, JUSTIN VERBRYCK, | ) ) ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants Frisella Nursery, Inc., Anthony Frisella, Jr., Anthony Frisella, Sr., and Justin Verbryck's Motion to Dismiss Count III (Doc. 15). Plaintiff Mary Gauna has filed a response in opposition (Docs. 20 and 21). For the reasons set forth below, the Motion is **GRANTED**.

**I.    Background**

According to the First Amended Complaint (Doc. 10), Mary Gauna[1] was employed by Frisella Nursery, Inc. as a landscape draftsman in its landscape design office on September 3, 2021. Prior to her first day of work, she alleges that Anthony Frisella, Jr. and Sr. made comments about her race to other employees, one of whom reported the comments to human resources. After she began working for the nursery, she became Justin Verbryck's design assistant. She alleges that Verbryck unfairly criticized her work, that she was required to complete tasks that were not related to being a landscape draftsman, and that, after she was designated a landscape designer, she was not paid commensurate to her new title because of her gender.

---

[1] Formerly known as Mary Keane.

In addition, during the workday, she would hear Frisella, Jr. make inappropriate sexual comments, she witnessed him screaming at other employees, and believes that the tension she had with other employees was due to his conduct. Other employees, including supervisors, made racially charged comments and sexually suggestive comments. And Verbryck listened to a podcast that made derogatory comments about Hispanic people within Plaintiff's hearing and compelled Plaintiff to inadvertently repeat a sexually suggestive remark (a client's name, "Mike Hawk", which sounded like "my cock"). Gauna did not report inappropriate conduct to human resources because she distrusted the staff and was fearful of making complaints. Shortly after the "Mike Hawk" incident in October, 2021, Verbryck informed her that her employment was terminated for lack of creativity. Her last day of work was December 30, 2021. She filed a charge of discrimination with the Missouri Commission on Human Rights and the United States Equal Opportunity Commission in January 2022 and received Right to Sue letters in August, 2022.

Following the termination of her employment with Frisella Nursery, Plaintiff obtained employment with Lawn Masters, LLC. Plaintiff alleges that Defendants, in particular Frisella, Jr., made false representations about her prior work which led to the termination of her employment with Lawn Masters.

Plaintiff pleads four claims for relief: Count I alleges racial and sexual discrimination in violation of Missouri's Human Rights Act; Count II alleges racial and sexual discrimination in violation of Title VII; Count III alleges race discrimination in violation of 42 U.S.C. § 1981; and, Count IV alleges a state law claim of tortious interference. In the pending motion, Defendants seek dismissal of Count III only, which is pled against each of Defendants. In this Count, Plaintiff specifically alleges that she is a member of a protected class; that she had a contractual relationship with Frisella Nursery; that she was discriminated against based on her race; that she was retaliated

against and her employment terminated because of a complaint of discrimination by another employee; and that she was subjected to racially discriminatory conduct and comments (Doc. 10, pp. 13-15).  Thus, Plaintiff appears to claim that she was discriminated against and retaliated against on account of her race in violation of 42 U.S.C. § 1981.

**II.     Standard**

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint.  To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim for relief "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level."  Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (quoting Twombly, 550 U.S. at 555 & n.3).  This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555.

On a motion to dismiss, the Court accepts as true all of the factual allegations contained in the complaint, even if it appears that "actual proof of those facts is improbable," and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief.  Id. at 555-56; Fed. R. Civ. P. Rule 8(a)(2).  However, the principle that a court must accept as true all of the allegations contained in a complaint does not apply to legal conclusions.  Iqbal, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

**III.     Discussion**

Title 42 U.S.C. § 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, . . . and to the full and equal benefits of all laws and proceedings for the security of persons and property as is enjoyed by white citizens . . . ."  The purpose of the statute "is to prohibit discrimination in the 'performance, modification and termination of contracts' and to protect 'the enjoyment of all benefits, privileges, terms and conditions of the contractual relationship.'"  Williams v. Lindenwood University, 288 F.3d 349, 355 (8th Cir. 2002) (quoting 42 U.S.C. § 1981(b)).  Claims made pursuant to § 1981 are typically analyzed under the same standard as Title VII claims.  See Schaffhauser v United Parcel Service, Inc., 794 F.3d 899,902 (8th Cir. 2015) (considering discrimination claims); Eliserio v. United Steelworkers of America Local 310, 398 F.3d 1071, 1076 (8th Cir. 2005) (considering hostile work environment claims).  However, in a § 1981 action, "[t]o prevail, a plaintiff must initially plead and ultimately prove that, but for race, [she] would not have suffered the loss of a legally protected right." Comcast Corp. v. Nat'l Assoc. of African American-Owned Media, __ U.S. __, 140 S.Ct. 1009, 1019 (2020).

Defendants argue that Plaintiff failed to allege that but for her race, she would not have been discriminated against, she failed to assert a claim against the individual Defendants, and that leave to amend should not be granted because it would be futile.  In response, Plaintiff appears to argue that the adverse employment action was being shuffled around in various roles,[2] that each of the individual Defendants were supervisors and "knew or should have known about the discrimination and harassment and failed to respond in a prompt and effective manner," and that "but for her race, Plaintiff would not have been subject to disparate treatment and discriminatory

---

[2] Plaintiff confusingly states: "Therefore, adverse action to Plaintiff's employment was created by the discriminatory and harassment at Frisella Nursery." (Doc. 21, p. 4).

remarks within the workplace" (Doc. 21, pp. 4-6).  Plaintiff's arguments are unpersuasive because they are not borne out by her First Amended Complaint.

Plaintiff acknowledges that she did not allege in her pleading that race was the but for cause of the loss of a legally protected right.  While certainly Plaintiff may state alternative or even contrary grounds for relief, she must nonetheless set forth sufficient detail to make a § 1981 claim plausible.  In listing out the ways in which Frisella Nursery discriminated against her, Plaintiff states that she was hired on account of her race, other employees made derogatory remarks about her, that she was retaliated against and terminated because of complaint by another employee, that racist remark and comments were allowed, and that there was a failure to prevent "such discriminatory conduct" (Doc. 10, ¶ 60).   There is no suggestion in this Count that race was the but for cause of an adverse action.  And, while she argues in her brief that she was shuffled from one position to another because of her race, with the implication that this was an adverse job action, her complaint does not say as much.  As such, Plaintiff has failed to state a racial discrimination claim pursuant to § 1981.

Given the above, it is unnecessary to address Defendants' argument that Plaintiff failed to state a claim against the individual Defendants; however, a brief discussion is useful to the extent Plaintiff may seek to amend her complaint.[3]  As to each of the individual Defendants, Plaintiff alleges that they "directly participated in the alleged violations," "were grossly negligent" in their supervision, and failed to "take action" to correct the conduct of other employees (Doc. 10, p. 15).  Within the context of a hostile work environment claim, a supervisor may be liable under § 1981 for his own misconduct if he has "the purpose of engaging in unconstitutional discrimination."

---

[3] The Court notes that Plaintiff alternatively requested to amend her complaint.  The proposed amendment, however, suffers from the same defects as identified by the Court at the Rule 16 Conference.  Plaintiff is, however, granted leave to file a motion pursuant to Rule 15. Defendant's preemptive argument that such an amendment would be futile is not persuasive.

Ellis v. Houston, 742 F.3d 307, 320 (8th Cir. 2014).  Supervisor's actions may have a more severe impact on a work environment; their actions or inactions can "poison a work environment." Id.  It is unclear whether Plaintiff is alleging a hostile work environment based on race – the word hostile is not mentioned anywhere in her Amended Complaint.  There is no allegation that Anthony Frisella, Sr. was Plaintiff's or anyone's supervisor at Frisella Nursery.   To a lesser extent, it is unclear from the Amended Complaint whether Anthony Frisella, Jr. played a role in Plaintiff's employment other than hiring her.  There is no suggestion that he participated in any adverse action or that he had the intent to discriminate against her.  See Gregory v. Dillard's, Inc., 565 F.3d 464, 469 (8th Cir. 2009) (stating that an element of a § 1981 case is "discriminatory intent on the part of the defendant."). To be sure, § 1981 protects an employee's "right to be free from racial harassment," Ellis, 742 F.3d at 318-319, and from a hostile work environment.  Eliserio v. United Steelworkers of Am. Local 310, 398 F.3d 1071, 1076 (8th Cir. 2005).  However, Count III, as pled, does not make out a § 1981 racially hostile work environment claim or a plausible claim as to Frisella, Sr. or Frisella, Jr.

**VI.    Conclusion**

For the foregoing reasons, Defendants' Motion to Dismiss Count II (Doc. 15) is hereby **GRANTED**.  Count III of the First Amended Complaint (Doc. 10) is **DISMISSED without prejudice.**


*/s/ John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 27th day of March, 2023