```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION
```

| | |
|---|---|
| MARY GAUNA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:22 CV 1390 JMB |
| ) | |
| FRISELLA NURSERY, INC., ANTHONY ) | |
| FRISELLA, JR., ANTHONY FRISELLA, SR., ) | |
| and JUSTIN VERBRYCK, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff Mary Gauna's Motion for Leave to File Second Amended Complaint (Doc. 31). Defendants have filed a memorandum in response (Doc. 32). For the reasons set forth below, the Motion is **GRANTED**.

On March 27, 2023, Defendants' Motion to Dismiss Count III, alleging race discrimination pursuant to 42 U.S.C. §1981, was granted but Plaintiff was granted leave to file a motion to amend her complaint. In granting the motion to dismiss, the Court pointed out that Plaintiff failed to allege that race was the but for cause of an adverse job action and that she did not set forth the supervisory liability of the individual defendants. In an attempt to correct these defects, Plaintiff filed the pending motion.

In her proposed Second Amended Complaint (Doc. 31-1), Plaintiff alleges that she is Latin-American, that she was hired because of her race, that Defendants Anthony Frisella Jr., and Sr. and Justin Verbryck made derogatory comments about her race, that her "race is the but-for cause of the hostile work environment," that the three individual Defendants directly supervised her, and that her employment was terminated as a result (Doc. 31-1, ¶¶ 54, 57-60). Defendants oppose the

motion to amend, arguing that Plaintiff still fails to state a claim as to Count III and that the removal of certain factual allegations from Count IV renders that claim deficient.

Federal Rule of Civil Procedure 15(a)(2) provides that a party may amend a pleading with the opposing party's consent or leave of court and that "[t]he court should freely give leave when justice so requires." It is within the district court's discretion to deny amendment if there is "undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." Reuter v. JAX Ltd., Inc., 711 F.3d 918, 922 (8th Cir. 2013) (quotation marks and citation omitted). When there is also a scheduling order that sets forth a deadline for amendment of pleadings, it is within this court's broad discretion to determine "when exceptions to these deadlines are appropriate." Knoth v. Smith & Nephew Richards, 195 F.3d 355, 358 (8th Cir. 1999). This Court permitted Plaintiff to seek leave to amend in the order on the motion to dismiss; as such, it is deemed timely.

As set forth previously, Title 42 U.S.C. § 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, . . . and to the full and equal benefits of all laws and proceedings for the security of persons and property as is enjoyed by white citizens . . . ." The purpose of the statute "is to prohibit discrimination in the 'performance, modification and termination of contracts' and to protect 'the enjoyment of all benefits, privileges, terms and conditions of the contractual relationship.'" Williams v. Lindenwood University, 288 F.3d 349, 355 (8th Cir. 2002) (quoting 42 U.S.C. § 1981(b)). Claims made pursuant to § 1981 are typically analyzed under the same standard as Title VII claims. See Schaffhauser v United Parcel Service, Inc., 794 F.3d 899, 902 (8th Cir. 2015) (considering discrimination claims); Eliserio v. United Steelworkers of America Local 310, 398 F.3d 1071, 1076 (8th Cir. 2005) (considering hostile work environment claims).

However, in a § 1981 action, "[t]o prevail, a plaintiff must initially plead and ultimately prove that, but for race, [she] would not have suffered the loss of a legally protected right." Comcast Corp. v. Nat'l Assoc. of African American-Owned Media, __ U.S. __, 140 S.Ct. 1009, 1019 (2020).

While Plaintiff's new complaint is inartful, she has alleged sufficient facts to state a § 1981 claim. She asserts that she is a member of a minority class, that but for her race her employment would not have been terminated, and that the individual Defendants had direct supervisory authority over her employment. She further alleges that at points during her employment, race related comments and actions were taken by various employees including her supervisors. At this stage of the proceedings, these allegations are sufficient to state a claim.

Nonetheless, paragraph 6 of the Second Amended Complaint is hereby **STRICKEN** as incomplete; Plaintiff has had a number of opportunities to correct the paragraph. Finally, to the extent that Defendants believes that Count IV is insufficient as a matter of law, they may file a motion to dismiss consistent with Rule 12.

Accordingly, Plaintiff's Motion to Amend (Doc. 31) is **GRANTED**. The Clerk of Court shall file Plaintiff's Second Amended Complaint forthwith.

*/s/ John M. Bodenhausen*
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 7th day of June, 2023