IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARY GAUNA, | ) |
|     Plaintiff, | ) ) ) |
| | ) Cause No. 4:22-cv-1390-JMB |
| v. | ) ) |
| FRISELLA NURSERY, INC., ANTHONY FRISELLA, JR., ANTHONY FRISELLA, SR., and JUSTIN VERBRYCK, | ) ) ) ) ) |
|     Defendants. | ) ) |

## **DEFENDANTS' JOINT ANSWER TO THIRD AMENDED COMPLAINT**

Come now Defendants, Frisella Nursery, Inc., Anthony Frisella, Jr., Anthony Frisella, Sr., and Justin Verbryck, and for their Joint Answer to Plaintiff's Third Amended Complaint, state:

1. Defendants admit, upon information and belief, that at the time of her employment with Frisella Nursery, Mary Gauna, formerly known as Mary Keane, was a resident of St. Louis County, Missouri. Defendants are without sufficient information at this time to admit or deny the remaining allegations in paragraph 1, and therefore deny same.

2. Defendants admit the allegations in paragraph 2.

3. Defendants admit Anthony Frisella, Jr., Anthony Frisella, Sr., and Justin Verbryck were employees of Frisella Nursery, Inc. at the time of Plaintiff's employment with Frisella Nursery. Defendants deny the remaining allegations in paragraph 3.

4. Paragraph 4 calls for legal conclusions on the part of Defendants and therefore requires no response. To the extent paragraph 4 is deemed to contain factual averments requiring a response, Defendants admit only that Keane was employed and worked at Frisella Nursery's location in St. Louis County. Defendants deny all remaining allegations in paragraph 4.

5. Defendants admit that Plaintiff was offered a position of at-will employment with Frisella Nursery, Inc. via correspondence dated September 3, 2021. The position offered was Landscape Draftsman, which required training at the company's Retail Garden Center followed by duties to be performed at the Design Center. Defendants deny all remaining allegations in paragraph 5.

6. Defendants deny the allegations in paragraph 6.

7. Defendants deny the allegations in paragraph 7.

8. Defendants deny the allegations in paragraph 8 and all of its subparts.

9. Defendants deny the allegations in paragraph 9.

10. Defendants deny the allegations in paragraph 10 and all of its subparts.

11. Defendants deny the allegations in paragraph 11.

12. Defendants deny the allegations in paragraph 12.

13. Defendants deny the allegations in paragraph 13.

14. Defendants admit that Plaintiff was counseled for her recurrent tardiness on multiple occasions. Defendants further admit that Plaintiff was counseled and coached on performance issues during her brief employment, which lasted only through the probationary period. Defendants deny the remaining allegations in paragraph 14.

15. Defendants deny the allegations in paragraph 15 and all of its subparts.

16. Defendants deny the allegations in paragraph 16.

17. Defendants deny the allegations in paragraph 17.

18. Defendants deny the allegations in paragraph 18.

19. Defendants deny the allegations in paragraph 19.

20. Defendants deny the allegations in paragraph 20.

21. Defendants deny the allegations in paragraph 21 and all of its subparts.

22. Defendants deny the allegations in paragraph 22.

23. Defendants deny the allegations in paragraph 23.

24. Defendants deny the allegations in paragraph 24.

25. Defendants admit Plaintiff's employment was terminated on December 30, 2021. Defendants deny the remaining allegations in paragraph 25.

26. Defendants admit the allegations in paragraph 26.

27. Defendants admit the Charge of Discrimination was filed in January 2022. Defendants deny any remaining allegations in paragraph 27, including each and every allegation in the Charge of Discrimination not specifically admitted in this Answer.

28. Defendants admit the MCHR issued a Notice of Right to Sue on August 22, 2022. Defendants deny any remaining allegations in paragraph 28.

29. Defendants admit the EEOC issued a Notice of Right to Sue on August 23, 2022. Defendants deny any remaining allegations in paragraph 29.

30. Defendants are without sufficient information to admit or deny the allegations in paragraph 30, and therefore deny same.

31. Defendants are without sufficient information to admit or deny the allegations in paragraph 31, and therefore deny same.

32. Defendants are without sufficient information to admit or deny the allegations in paragraph 32, and therefore deny same, including each of its subparts.

33. Defendants are without sufficient information to admit or deny the allegations in paragraph 33, and therefore deny same.

34. Defendants are without sufficient information to admit or deny the allegations in paragraph 34, and therefore deny same.

35. Defendants are without sufficient information to admit or deny the allegations in paragraph 35, and therefore deny same.

### ANSWER TO COUNTS I AND II BY DEFENDANTS FRISELLA SR., FRISELLA JR. AND VERBRYCK

Come now Defendants, Anthony Frisella, Sr., Anthony Frisella, Jr., and Justin Verbryck, and make no Answer to Counts I and II as they are not directed against these Defendants. To the extent Counts I and II contain factual averments deemed directed to these Defendants, all said averments are denied.

### ANSWER TO COUNT I – FRISELLA NURSERY, INC.

Comes now Defendant, Frisella Nursery, Inc., and for its Answer to Count I of Plaintiff's Third Amended Complaint, states:

36. Defendant adopts and incorporates its Answers and Responses to paragraphs 1-35 as and for its Answer and Response to paragraph 36.

37. Defendant admits, upon information and belief, that Plaintiff is female. Defendant is without sufficient information to admit or deny the remaining allegations in paragraph 37, and therefore denies same.

38. Defendant denies the allegations in paragraph 38.

39. Defendant denies the allegations in paragraph 39, including all subparts.

40. Defendant denies the allegations in paragraph 40.

41. Defendant denies the allegations in paragraph 41.

42. Defendant denies the allegations in paragraph 42.

## ANSWER TO COUNT II – FRISELLA NURSERY, INC.

Comes now Defendant, Frisella Nursery, Inc., and for its Answer to Count II of Plaintiff's Third Amended Complaint, states:

43. Defendant adopts and incorporates its Answers and Responses to paragraphs 1-42 as and for its Answer and Response to paragraph 43.

44. Defendant admits, upon information and belief, that Plaintiff is female. Defendant is without sufficient information to admit or deny the remaining allegations in paragraph 44, and therefore denies same.

45. Defendant denies the allegations in paragraph 45.

46. Defendant denies the allegations in paragraph 46, including all subparts.

47. Defendant denies the allegations in paragraph 47.

48. Defendant denies the allegations in paragraph 48.

49. Defendant denies the allegations in paragraph 49.

## ANSWER TO COUNT III

Come now Defendants, and for their Joint Answer to Count III of Plaintiff's Third Amended Complaint, state:

50. Defendants are without sufficient information to admit or deny the allegations in paragraph 50 regarding Plaintiff's race, and therefore deny same. The remainder of paragraph 50 calls for a legal conclusion and requires no response.

51. Defendants deny the allegations in paragraph 51 and affirmatively state Plaintiff was employed at-will by Frisella Nursery, Inc.

52. Defendants deny the allegations in paragraph 52.

53. Defendants deny the allegations in paragraph 53, including all of its subparts.

54. Defendants deny that "such conduct" occurred, and therefore deny the allegations in paragraph 54.

55. Defendants deny the allegations in paragraph 55.

56. Defendants deny the allegations in paragraph 56.

57. Defendants deny the allegations in paragraph 57.

58. Defendants deny the allegations in paragraph 58, including all of its subparts.

59. Defendants deny the allegations in paragraph 59.

### ANSWER TO COUNT IV – FRISELLA SR. AND VERBRYCK

Come now Defendants, Anthony Frisella, Sr. and Justin Verbryck, and make no Answer to Count IV of Plaintiff's Third Amended Complaint as said Count is not directed against them. To the extent any factual averments in Count IV are deemed applicable to these Defendants, all such allegations are denied.

### ANSWER TO COUNT IV – FRISELLA NURSERY, INC. AND FRISELLA, JR

Come now Defendants, Frisella Nursery, Inc. and Anthony Frisella, Jr., and for their Answer to Count IV of Plaintiff's Third Amended Complaint, state:

60. Defendants adopt and incorporate their Answers and Responses to paragraphs 1-59 as and for their Answer to paragraph 60.

61. Defendants have no information on the allegations in paragraph 61, and therefore deny same.

62. Defendants have no information on the allegations in paragraph 62, and therefore deny same.

63. Defendants deny the allegations in paragraph 63.

64. Defendants deny the allegations in paragraph 64.

65. Defendants deny the allegations in paragraph 65.

66. Defendants deny the allegations in paragraph 66.

67. Defendants have no information regarding if, when, or why Plaintiff was terminated by Lawn Masters, and therefore deny said allegations. Defendants deny that any of them communicated with Lawn Masters regarding Plaintiff or her employment.

68. Defendants are without sufficient information to admit or deny the allegations in paragraph 68, and therefore deny all said allegations, including those in all sub-parts.

69. Defendants are without sufficient information to admit or deny the allegations in paragraph 69, and therefore deny same.

70. Defendants deny the allegations in paragraph 70.

## **AFFIRMATIVE DEFENSES APPLICABLE TO ALL COUNTS**

1. Each Count of Plaintiff's Third Amended Complaint fails to state a claim upon which relief may be granted. Specifically, Counts I through III fail to state a claim upon which relief may granted because Plaintiff has failed to plead sufficient facts to support the conclusion that her race and/or gender were the but-for cause of her termination. Count III further fails to state a claim against the individual defendants and fails to properly aver but-for causation. Count IV fails to state a claim upon which relief may be granted because Plaintiff fails to plead sufficient facts to establish that Defendants were even aware of her employment with Lawn Masters, much less that Mr. Frisella had any communication with anyone at Lawn Masters about Plaintiff.

2. Plaintiff failed to exhaust the administrative remedies which are a statutory prerequisite to the filing of suit and/or Plaintiff failed to comply with the statutory and regulatory requirements necessary to bring this action. Some or all of the allegations in Plaintiff's Third Amended Complaint were not included within the "Particulars" section of her Charge of

Discrimination, have not been preserved for purposes of this suit, and therefore Plaintiff failed to exhaust the statutory prerequisites to filing suit thereon.

3. Some or all of Plaintiff's allegations are barred by the applicable statute of limitations. Plaintiff failed to include certain of her Third Amended Complaint's allegations in her Charge of Discrimination, and her time for filing a second or supplemental Charge has now expired.

4. Some or all of Plaintiff's claims may be barred by the doctrines of waiver, estoppel and/or laches. Plaintiff failed to report, complain to management, or file a Charge of Discrimination regarding some or all of the conduct alleged in the Third Amended Complaint, and her claims are thus barred.

5. At all times during her employment, Plaintiff was an at-will employee and not under any contract of employment, written or verbal, with Defendants.

6. Any actions taken with respect to Plaintiff were done with business justification and because of business necessity. Specifically, Defendants' decisions with respect to Plaintiff's employment were motivated by reasonable, legitimate, and non-discriminatory reasons based on the operational needs of Defendants' business, including but not limited to: Plaintiff's failure to perform her job duties adequately, including failure to improve when given opportunity to do so.

7. The employment decisions about which Plaintiff complains were based on reasonable factors other than Plaintiff's gender or race.

8. Defendants exercised reasonable care to prevent and promptly correct any actions about which Plaintiff complained, and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendants or to otherwise avoid harm. To the extent that there were any comments of an inappropriate nature made by any employees of

8

Defendant Frisella Nursery, Plaintiff initiated, voluntarily participated in, welcomed, and consented to the exchange of such comments.  Furthermore, Plaintiff failed to report and/or complain about any such conduct or comments, and thus unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendants and to otherwise avoid harm.

9. Defendants acted reasonably at all times and with due care, in good faith and without malice, evil or illegal motive.

10. Defendants did not authorize, condone, ratify, or tolerate any alleged discrimination, harassment, or retaliation of Plaintiff, but instead prohibited it. Defendants state that: a) Frisella Nursery had anti-discrimination and anti-harassment policies and complaint procedures in place, and thus exercised reasonable care to prevent and promptly correct any harassing or discriminatory behavior by employees; b) Plaintiff never complained of or reported harassment, inappropriate conduct or mistreatment of any kind to appropriate management as required by those policies; and c) Plaintiff therefore unreasonably failed to avail herself of the complaint procedures or to avoid harm otherwise; thus, Defendants are not liable to Plaintiff and/or the imposition of damages, including punitive or exemplary damages, is not warranted.

11. All actions of individual Defendants Frisella Sr., Frisella Jr., and Verbryck relative to Plaintiff's employment were done within the scope of their duties as employees of Defendant Frisella Nursery, Inc.

12. Plaintiff was not subject to an adverse employment action because of any protected activity or membership in any protected class of persons.  Plaintiff engaged in no protected activity herself, and no causal connection exists between any protected activity/class membership and any alleged employment action taken with respect to Plaintiff.

13. Defendant would have taken the same actions regarding Plaintiff's employment even absent her race, national origin, or gender.

14. Some or all of the alleged matters and/or damages claimed by Plaintiff in her Third Amended Complaint were proximately caused, in whole or in part, by Plaintiff's actions or inactions, and/or the actions or inactions of persons or entities other than the Defendant, including but not limited to Plaintiff's failure to perform her job responsibilities adequately and failure to improve even when given the opportunity to do so.

15. As to Count I, Defendant provides notice to the Court and all parties that it intends to rely upon the rights and obtain the benefits afforded by R.S.Mo. Chapter 213, as amended by S.B. 43 on August 28, 2017, including all sub-parts.

16. As to Count I, Defendant provides notice to the Court and all parties that it intends to rely upon and invoke the provisions of R.S.Mo. §213.010(2), as amended by S.B. 43 on August 28, 2017, which provides that "because" or "because of," as it relates to the adverse decision or action at issue, means that the protected criterion was "the motivating factor." Defendant further provides notice to the Court and all parties that it intends to rely upon and invoke the provisions of R.S.Mo. §213.010(19), as amended by S.B. 43 on August 28, 2017, which provides that "the motivating factor" means the employee's protected classification actually played a role in the adverse action or decision and had a determinative influence on the adverse decision or action. Defendant further provides notice to the Court and all parties that it intends to rely upon and invoke the benefits of the provisions of R.S.Mo. §213.111.5, as amended by S.B. 43 on August 28, 2017, which provides that plaintiff shall bear the burden of proving the alleged unlawful decision or action was made or taken because of his or her protected classification and was the direct proximate cause of the claimed damages.

17.     As to Count I, Defendant provides notice to the Court and all parties that it intends to rely upon and invoke the benefits of the provisions of R.S.Mo. §213.101, as amended by S.B. 43 on August 28, 2017, including all subparts.

18.     Any damages that Plaintiff allegedly sustained were the direct result of Plaintiff's failure to mitigate those damages.  Plaintiff failed to promptly obtain comparable employment after her termination and failed to maintain comparable employment.

19.     Plaintiff may not submit to the jury a request for damages for any period(s) of time following the termination at issue in Plaintiff's Third Amended Complaint during which Plaintiff maintained subsequent employment, as Plaintiff sustained no actual loss, damages, or injury during such periods.  Alternatively, Plaintiff's damages, if any, must be reduced by the amount of any benefits received from collateral sources, including but not limited to interim earnings.

20.     Plaintiff's damages, if any, must be reduced for any periods of time for which Plaintiff would have been unavailable for employment.

21.     Defendants are entitled to a setoff against any verdict or award in this case which includes an amount for lost wages and/or benefits for any amounts which Defendant has already paid through other compensation sources, including but not limited to Workers' Compensation benefits, any employer leave policy, disability benefits, severance, continued benefits coverage, or any other source.

22.     Plaintiff's damages were mitigated by the payment of unemployment compensation benefits which were funded by this Defendant and/or this Defendant's agent(s) and/or insurer(s). As such, Defendants are entitled to a credit or offset against any verdict and/or judgment for lost wages in an amount equal to the amount of unemployment compensation benefits paid to the Plaintiff.

11

23. Plaintiff's claims for punitive damages violates the Fifth, Sixth, Seventh, Eighth, and Fourteenth Amendments to the Constitution of the United States of America, and Article I, § 10, Article I, § 19, Article I, § 18a, Article I, § 21, and Article I, § 2 of the Missouri Constitution, in the following particulars:

    a. Claims for punitive damages violate the Fifth Amendment for the following reasons:

        i. The double jeopardy clause is violated because multiple awards of damages based on aggravating circumstances can be imposed upon the defendants for the same act or omission, and because an award of damages based on aggravating circumstances can be imposed upon the defendants even though the defendants were not convicted, or were acquitted of a factually-related offense in an underlying criminal proceeding;

        ii. The self-incrimination clause is violated because the defendants can be compelled to give testimony against themselves.

    b. Plaintiff's claim for punitive damages violates the Sixth and Fourteenth Amendments because punitive damages may be imposed by less than a unanimous jury and based upon a burden of proof applicable in civil cases; whereas punitive damages are a fine or penalty and are quasi criminal in nature.

    c. Plaintiff's claim for punitive damages violates the defendant's right to access to the Court guaranteed by the Seventh and Fourteenth Amendments because the threat of an award of unlimited punitive damages chills the defendant's exercise of that right.

    d. Plaintiff's claim for punitive damages violates the Eighth Amendment guarantee that excessive fines shall not be imposed.

    e. Plaintiff's claim for punitive damages violates the due process and equal protection clauses of the Fourteenth Amendment for the following reasons:

        i. The standards or tests for determining the requisite mental state of the defendants for imposition of punitive damages are void for vagueness;

        ii. Insofar as punitive damages are not measured against actual injury to the plaintiffs, and are left wholly to the discretion of the jury, there is no objective standard that limits the amount of damages that may be awarded. Moreover, the amount of damages that may be awarded is indeterminate at the time of the defendants' alleged conduct.

      iii.    In cases involving more than one defendant, the evidence of the net worth of each is admissible, and the jury is permitted to award punitive damages in differing amounts based upon the affluence of a given defendant.

      iv.    The tests or standards for the imposition of punitive damages differ from state to state such that the specific act or omission of a given defendant may or may not result in the imposition of punitive damages, or may be imposed in differing amounts, depending upon the state in which suit is filed, so that the defendant is denied equal protection of the law.

      v.    Punitive damages may be imposed without a requisite showing of hatred, spite, ill will, or wrongful motive.

24. Defendants specifically deny that their conduct was outrageous, willful or with reckless disregard for the rights of Plaintiff so as to justify the imposition of punitive damages, and call for proof of such alleged misconduct by clear and convincing evidence.

25. Defendants provide notice to the Court and all parties that, in the event of a finding by the Court that the question of the liability of Defendants for punitive damages should be submitted to the jury in this case, Defendants intends to invoke all provisions of R.S.Mo. §510.263, including calling upon the Court to conduct a bifurcated trial on the issue of punitive damages.

26. As to Count I, Defendant provides notice to the Court and all parties that it intends to rely upon and obtain the benefits of R.S.Mo. §213.111.4, as amended by S.B. 43 on August 28, 2017, which provides that the sum of the amount of actual damages and punitive damages awarded in this case shall not exceed: 1) actual back pay and interest thereon; and 2) $50,000 in the case of an employer with more than five but fewer than 101 employees in each of 20 or more weeks of the current or preceding calendar year; $100,000 in the case of an employer with more than 100 but fewer than 201 employees in each of 20 or more weeks of the current or preceding calendar year; $200,000 in the case of an employer with more than 200 but fewer than 500 employees in each of 20 or more weeks of the current or preceding calendar year; or $500,000 in the case of an

13

employer with more than 500 employees in each of 20 or more weeks of the current or preceding calendar year.

27. As to Counts II and III, Defendants provide notice to the Court and all parties that, in the event of a finding by the jury that an award of compensatory and/or punitive damages is indicated on Plaintiff's claim under Title VII or 42 U.S.C. §1981, Defendants intend to invoke all provisions of 42 U.S.C. §1981a, including all limitations on the amount of compensatory and punitive damages allowed on Plaintiff's claim.

28. As to Count IV, Defendants provide notice to the Court and all parties that, in the event of an adverse verdict against Defendants which includes the award of punitive damages, Defendants intend to invoke the benefits of and call upon the Court to impose the limitations on punitive damages set forth in R.S.Mo. §510.265.

29. Plaintiff's damages, if any, should be barred under the after-acquired evidence doctrine in the event Defendant learns information concerning Plaintiff that would have otherwise ended her employment.

30. Plaintiff's claims are frivolous, unreasonable, and without foundation, thereby entitling Defendants to an award of attorney's fees.

31. Defendants hereby give notice that they intend to rely upon other affirmative defenses that discovery in these proceedings reveals may be applicable, and they hereby reserve their right to amend this Answer to assert such affirmative defenses.

32. Defendants deny each and every allegation in Plaintiff's Third Amended Complaint not specifically admitted herein.

**WHEREFORE**, Defendants, having fully answered Plaintiff's Third Amended Complaint, move this Honorable Court for its Order of Dismissal with Prejudice at Plaintiff's cost, and for any further relief deemed just and reasonable under the circumstances.

/s/ *Christine A. Vaporean*
Christine A. Vaporean, #48021MO
BROWN & JAMES, P.C.
800 Market Street, Suite 1100
St. Louis, Missouri 63101-2501
314-421-3400; 314-242-5337 (direct dial)
314-421-3128; 314-242-5537 (direct fax)
cvaporean@bjpc.com

*Attorneys for Defendants*

CAV/29257198