IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARY GAUNA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Cause No. 4:22-cv-1390-JMB |
| v. ) | |
| ) | |
| FRISELLA NURSERY, INC., ) | |
| ANTHONY FRISELLA, JR., ) | |
| ANTHONY FRISELLA, SR., and ) | |
| JUSTIN VERBRYCK, ) | |
| ) | |
| Defendants. ) | |

## CONSENT MOTION FOR AMENDMENT OF CASE MANAGEMENT ORDER

Come now Defendants, and for their Consent Motion for Amendment of Case Management Order, state:

1. Plaintiff originally filed this case in state court on November 22, 2022. Defendants timely removed the case to this Court on December 30, 2022.

2. Defendants moved to dismiss Count IV of the original pleading as it failed to aver sufficient facts to state a claim of Tortious Interference. Plaintiff sought and was granted leave to amend the Complaint on January 17, 2023, to add more facts in support of that claim. Defendants then moved to dismiss Count III of the Amended Complaint as it failed to state a claim under 42 U.S.C. § 1981. Count III was dismissed without prejudice on March 27, 2023. [Doc. 28]

3. The parties submitted a Joint Proposed Scheduling Plan, as ordered, on February 17, 2023, and the Case Management Order [Doc. 26] was issued on February 21, 2023. At that time, Motions directed to the Complaint were still pending.

4. Although the Case Management Order established a deadline of March 31, 2023, for amendment of the pleadings, on April 26, 2023, Plaintiff sought leave to file a Second

Amended Complaint. Defendants opposed the Motion as the proposed Second Amended Complaint failed to aver sufficient facts to state a claim under 42 U.S.C. § 1981, and omitted averments added to the First Amended Complaint to address the deficiencies found in Count IV. Leave was granted on June 7, 2023. Defendant again moved to Dismiss Count IV. Plaintiff moved for leave to file a Third Amended Complaint, which was granted on July 20, 2023. Thus, the operative pleading was only filed four and one-half months ago.

5. Defendants timely served their Rule 26 Initial Disclosures on March 15, 2023. Plaintiff served her Initial Disclosures on or about April 13, 2023. Defendants propounded Interrogatories and a Request for Production to Plaintiff on June 16, 2023 and requested the deposition of Plaintiff upon receipt of her responses. Plaintiff ultimately provided her Answers and Responses on October 2 and 4, 2023, including authorizations for the release of subsequent employment records which are relevant to the Tortious Interference claim in Count IV. Defendants promptly requested the employment records from four subsequent employers on October 11, 2023. All but one subsequent employer timely responded. The fourth required a subpoena, which was served November 8. The records were ultimately produced without the need for a Custodian of Records deposition on November 11, 2023.

6. Plaintiff propounded Interrogatories, Requests for Production and Requests for Admission to each of the four defendants on September 25, 2023. Defendants timely provided Responses to the Requests for Admission and Objections to Plaintiff's Interrogatories and Requests for Production on October 25, 2023. Counsel held a two-hour discovery conference on December 5, 2023, attempting to resolve defendants' objections to the Interrogatories and Requests for Production without the need for court intervention. Defendants are working on preparing responses based on agreements of counsel regarding the scope of each request.

7. The Court referred this Case to ADR on November 1, 2023. The undersigned counsel immediately informed Plaintiff's counsel that Plaintiff's deposition was needed before any meaningful further negotiations could take place given the prior history of negotiations. Due to previously scheduled trials, Plaintiff's counsel indicated they were unavailable to produce Plaintiff for deposition in November, and that they also wanted to depose several witnesses. On November 28, Plaintiff's counsel issued notices of deposition for six different individuals, including non-parties, as well as a corporate representative. Defense counsel is unavailable on the dates selected by Plaintiff's counsel for the depositions, and Plaintiff's counsel have not yet offered a date for the deposition of Plaintiff. Thus, the court-ordered mediation cannot be completed before the December 15, 2023, deadline.

8. The discovery deadline per the Case Management Order is December 29, 2023, and the dispositive motion deadline is January 15, 2024. Given the history of this litigation, all necessary discovery cannot be completed by December 29, 2023. Defendants, therefore, will not be able to timely file their dispositive motion.

9. The undersigned has conferred with counsel for Plaintiff, who agree that an extension of all remaining deadlines in the Case Management Order is needed. Both parties would be prejudiced in their ability to present the merits of this case to the Court and/or jury if the discovery deadline and dispositive motion deadlines are not extended.

10. Defendants respectfully submit that an additional two months is needed to complete discovery, mediation, and dispositive motions, to wit: ADR deadline of February 16, 2024; discovery deadline of February 29, 2024; and dispositive motion deadline of March 15, 2024. However, Defendants' counsel submits that a delay of the trial setting by two months would put

this case in conflict with several other trial settings the undersigned counsel has already set in other matters. Accordingly, the undersigned submits a Case Management Conference may be necessary.

**WHEREFORE**, Defendants, with consent of Plaintiff and for good cause shown, move this Honorable Court for amendment of the Case Management Order to extend remaining deadlines by two months with a resetting of the trial date at a time agreeable to the Court and all parties, and for any further relief this Court deems just and proper under the circumstances.

>
> */s/ Christine A. Vaporean*
> Christine A. Vaporean, #48021MO
> BROWN & JAMES, P.C.
> 800 Market Street, Suite 1100
> St. Louis, Missouri  63101-2501
> 314-421-3400; 314-242-5337 (direct dial)
> 314-421-3128; 314-242-5537 (direct fax)
> cvaporean@bjpc.com
>
> *Attorneys for Defendants*

CAV/29660534